## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-78

STATE OF LOUISIANA

VERSUS

MARK JAMES SAVOY

************
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-K-0206-C
HONORABLE  ALONZO HARRIS, DISTRICT JUDGE

************
**SHANNON J. GREMILLION**
**JUDGE**
************

Court composed of Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED.   THE  DEFENDANT  IS PERMITTED  TO  FILE  AN  APPLICATION  FOR SUPERVISORY  WRITS  WITHIN  THIRTY  DAYS  OF THE DATE OF THIS OPINION.**

Earl J. Taylor
District Attorney – 27th JDC
P. O. Drawer 1968
Opelousas, LA  70570
COUNSEL FOR APPELLEE:
        State of Louisiana

Mark Savoy, #580262
327 Industrial Drive
Jonesboro, LA  71251
COUNSEL FOR APPELLANT:
        Mark James Savoy

**Gremillion, Judge.**

On March 16, 2007, the Defendant was charged by bill of information with three counts of aggravated kidnapping and two counts of domestic abuse battery. After several amendments to the bill, the Defendant proceeded to a jury trial on three counts of second degree kidnapping and one count of aggravated flight from an officer. On February 16, 2011, he was convicted of one count of second degree kidnapping and one count of aggravated flight from an officer. On June 16, 2011, the Defendant was sentenced to twelve years at hard labor on the second degree kidnapping conviction and two years at hard labor on the aggravated flight from an officer conviction.[1]

In November 2012, the Defendant filed an application for post-conviction relief in the trial court asserting trial errors. On December 5, 2012, the trial court denied the application in written reasons.

In December, 2012, the Defendant filed in the trial court a Notice of Appeal, seeking review of the denial of his application for post-conviction relief. The trial court granted the motion.

On January 25, 2013, this court ordered a rule to show cause why the appeal should not be dismissed as it was not an appealable judgment.

The Defendant concedes that it is not an appealable judgment and requests that he be allowed to seek supervisory writs on the judgment.

The judgment at issue is not appealable. La.Code Crim.P. art. 930.6. Consequently, we hereby dismiss the Defendant's appeal. The Defendant may seek supervisory writs within thirty days of the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order

---

[1] The procedural history in this opinion is based upon the allegations set forth by the Defendant in his application for post-conviction relief filed in the trial court which was included in the appellate record.

1

from the trial court setting a return date as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3.  We construe the Notice of Appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED.  DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS OPINION.**